UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TIDEWATER FINANCE COMPANY,

        Petitioner,

    v.                                 CIVIL NO. 2:23-cv-609

UNITED STATES SMALL
BUSINESS ADMINISTRATION,

        Respondent.

## OPINION

This case involves a complex web of statutes, which created the Paycheck Protection Programs ("PPP") under Congress's Coronavirus, Aid, Relief, and Economic Security Act. Under these statutes, certain small businesses were eligible for paycheck loans, which would allow businesses to continue paying employees during the COVID-19 pandemic and 2020 shutdowns. If businesses used their loans properly, they could ultimately apply for PPP loan forgiveness. To facilitate rapid release of funds, businesses would "self-certify" that they were eligible for a PPP loan, rather than wait for approval. Petitioner Tidewater Finance Company was one such business that applied for a PPP loan. Petitioner received funds and ultimately applied for loan forgiveness from Respondent United States Small Business Administration. Petitioner's loan forgiveness application was denied. This dispute followed.

This matter now comes before the court on Petitioner's Objections, filed August 30, 2024, ECF No. 28, to Magistrate Judge Douglas E. Miller's Report and Recommendation, ECF No. 25 ("R&R"). The R&R recommended that the court grant Respondent's Motion for Summary Judgment and deny Petitioner's Motion for Summary Judgment. R&R at 2. For the reasons stated below, the court **OVERRULES** Petitioner's Objections and **ADOPTS AND APPROVES IN FULL** the findings and recommendations in the R&R. Accordingly, Respondent's Motion for Summary Judgment, ECF No. 16, is **GRANTED**, Petitioner's Motion for Summary Judgment, ECF No. 14, is **DENIED**, and this action is **DISMISSED**.

## I. The CARES Act

The Coronavirus, Aid, Relief, and Economic Security ("CARES") Act was enacted on March 27, 2020, in response to the COVID-19 pandemic's impact on the economy. Pub. L. No. 116-136; see R&R at 2. Congress enacted the First Paycheck Protection Program ("First PPP") on March 27, 2020, under the CARES Act. Pub. L. 116-136, § 1102 (codified at 15 U.S.C. § 636(a)(36)). The purpose of the First PPP was to "Keep[] Workers Paid and Employed." Id. at Division A, Title I.

Prior to the pandemic, Respondent United States Small Business Administration ("Respondent") administered financial assistance to small businesses under Section 7(a) of the Small Business Act. 15 U.S.C. § 631, et seq. ("Small Business Act"); 15

2

U.S.C. § 636(a) ("Section 7(a)"); see R&R at 3. Small businesses were required to meet Respondent's borrower criteria and be eligible for a loan under Respondent's regulation 13 C.F.R. § 120.110 ("Section 120.110"). 15 U.S.C. § 636(a); R&R at 3. Section (b) of that regulation made "[f]inancial businesses primarily engaged in the business of lending" ineligible for small business loans. 13 C.F.R. § 120.110(b).

In enacting the CARES Act, Congress amended the Small Business Act and placed the First PPP under Section 7(a). Pub. L. 116-136, § 1102; see R&R at 4. Congress tasked Respondent with implementing the First PPP and granted Respondent emergency rulemaking authority regarding the First PPP and any amendments. Pub. L. 116-136, §§ 1102, 1114 (codified at 15 U.S.C. § 9012). The First PPP loan application launched on April 3, 2020. 85 Fed. Reg. at 20811 (Apr. 15, 2020). Respondent issued an Interim Final Rule ("IFR") regarding the First PPP on April 15, 2020, which stated in part: "[b]usinesses that are not eligible for PPP loans are identified in 13 CFR 120.110 and described further in SBA's Standard Operating Procedures . . . except that nonprofit organizations authorized under the Act are eligible." 85 Fed. Reg. at 20811. This language is called the "PPP Ineligibility Rule." See R&R at 6-7.[1]

---

[1] Respondent's first IFR was followed by a second IFR, enacted on April 28, 2020. R&R at 7. The second IFR added two PPP loan

Under the First PPP, Congress permitted Respondent to "guarantee covered loans under the same terms, conditions, and processes as a loan made under this subsection," "[e]xcept as otherwise provided." 15 U.S.C. § 636(a)(36)(B). The First PPP statute provided "[i]ncreased eligibility for certain small businesses and organizations" during the covered period, stating:

> (i)  . . . in addition to small business concerns, any business concern, nonprofit organization, housing cooperative, veterans organization, or Tribal business concern described in section 657a(b)(2)(C) of this title shall be eligible to receive a covered loan if the business concern, nonprofit organization, housing cooperative, veterans organization, or Tribal business concern employs not more than the greater of —
>
> (I) 500 employees; or
>
> (II) if applicable, the size standard in number of employees established by the Administration for the industry in which [it] . . . operates.

Id. § 636(a)(36)(D)(i).

On December 27, 2020, Congress amended the Small Business Act a second time, placing the Second Paycheck Protection Program ("Second PPP") under Section 7(a). Pub. L. 116-260, 134 Stat. 2001 § 311 (codified at 15 U.S.C. § 636(a)(37)). The statute reads in pertinent part:

---

exceptions to Section 120.110 for otherwise-ineligible hospitals and gambling organizations. Id.

(iv) the term "eligible entity" ——

    (I) means any business concern, nonprofit organization, housing cooperative, veterans organization, Tribal business concern, eligible self-employed individual, sole proprietor, independent contractor, or small agricultural cooperative that —

        (aa) employs not more than 300 employees; and

        (bb)

            (AA) . . . had gross receipts . . . in 2020 that demonstrate not less than a 25 percent reduction from the gross receipts of the entity during the same quarter in 2019 . . . .

    (II) includes a business concern or organization made eligible for a loan under paragraph (36) under subclause (II), (III), or (IV) of clause (iii), subclause (IV) or (V) of clause (iv), clause (vii), or clause (ix) of subparagraph (D) of paragraph (36) and that meets the requirements described in items (aa) and (bb) of subclause (I); and

    (III) does not include—

        (aa) any entity that is a type of business concern (or would be, if such entity were a business concern) described in section 120.110 of title 13, Code of Federal Regulations . . . other than a business concern described in subsection (a) or (k) of such section . . . .

15 U.S.C. § 636(a)(37)(iv).

Finally, Congress provided that eligible PPP loan recipients "shall be eligible for forgiveness of indebtedness on a covered loan." 15 U.S.C. § 636m(b).

## II. Procedural History

On April 3, 2020, Petitioner Tidewater Finance Company applied for a First PPP loan of $3,245,500. ECF No. 13 at 3-6 (Admin. R.); see R&R at 8. The lender approved the loan on April 6, 2020, and Petitioner received funding shortly thereafter. ECF Nos. 1 at 2 (Petition), 8 at 1 (Answer). On June 25, 2021, Petitioner applied for PPP loan forgiveness under 15 U.S.C. § 636m. ECF No. 13 at 17-25. The lender recommended that Petitioner's loan forgiveness application be approved. Id. at 26.

On February 28, 2022, Respondent denied Petitioner's loan forgiveness application. Id. at 41-42. Respondent determined that Petitioner should not have received a First PPP loan, as Petitioner "is a financial business primarily engaged in lending, investments or is an ineligible business engaged in financing or factoring." Id. at 41. In other words, Respondent found that Petitioner was not eligible for either the First PPP loan or for later loan forgiveness. Petitioner appealed Respondent's denial to the Office of Hearings and Appeals ("the OHA") on March 31, 2022. Id. 45-58. On July 18, 2023, Respondent's decision was affirmed, as it was "not based on a clear error of fact or law." Id. at 82. Petitioner sought reconsideration through the OHA,

which was denied on July 31, 2023. Id. at 84-114.

On September 20, 2023, Petitioner filed for review in this court. ECF No. 1. Respondent filed an Answer on November 21, 2023. ECF No. 8. On March 5, 2024, Petitioner filed a Motion for Summary Judgment and Memorandum in Support. ECF Nos. 14 (Motion), 15 (Pet'r Mem.). On April 1, 2024, Respondent filed a Motion for Summary Judgment and Memorandum in Opposition. ECF Nos. 16 (Motion), 17 (Resp't Mem.). Both parties filed Replies to their respective Motions. ECF Nos. 20, 21. The matter was referred to Magistrate Judge Douglas E. Miller, who directed supplemental briefing regarding the application of Loper Bright Enterprises v. Raimondo, 144 S. Ct. 2244, 2273 (2024), to this matter. ECF No. 22.[2]

No hearing was held, as oral argument was not requested, and the court determined that no hearing was necessary to resolve the matter. R&R at 2, n.1. After reviewing the documents and supplemental briefing, the Magistrate Judge Miller issued his R&R on August 9, 2024, which recommended denying Petitioner's Motion for Summary Judgment and granting Respondent's Motion for Summary Judgment. Id. at 40. On August 30, 2024, Petitioner filed five Objections to the R&R. ECF No. 28. Respondent filed a Response

---

[2] The parties agree that Loper has only incidental impact on this matter; both argue that 15 U.S.C. § 636(a)(36) is unambiguous and supports their respective positions. ECF Nos. 23, 24 (the parties' supplemental Loper Briefs).

on September 16, 2024. ECF No. 29. The parties do not dispute the facts as recited in the R&R. <u>See</u> ECF Nos. 28 at 3-5, 29 at 2-3; <u>infra</u> n.3 and accompanying text.

### III. Legal Standards

Courts reviewing agency decisions under the Administrative Procedures Act ("APA") "shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706. A court shall "hold unlawful and set aside" agency actions and findings that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." <u>Id.</u> § 706(2)(A). Additionally, "the court shall review the whole record or those parts of it cited by a party." <u>Id.</u>

When reviewing an R&R, the court must make a <u>de novo</u> determination of the portions of the R&R to which the parties have specifically objected. Fed. R. Civ. P. 72(b). The court considers the record in its entirety. <u>See id.</u> For unchallenged portions of the R&R, the court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). The court may accept, reject, modify, or recommit the Magistrate Judge's recommendation with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

8

Finally, objections to the R&R must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023). "[O]bjections need not be novel to be sufficiently specific"; they may merely "restate[] all of [the party's] claims." Id. But objections must "respond to specific errors" in the R&R, as general or conclusory objections are "not proper" and "are the equivalent of a waiver." Scott v. Va. Port Auth., 2018 WL 1508592, at *2 (E.D. Va. Mar. 27, 2018) (Jackson, J.) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

## IV. Analysis

Petitioner raises five objections to the R&R. First, Petitioner objects to the R&R's "Statement of Undisputed Facts." ECF No. 28 at 3. Second, Petitioner objects to the R&R's finding that the application of "Section 120.110 to the PPP did not violate the CARES Act." Id. at 5. Third, Petitioner objects to the R&R's finding that Respondent provided sufficient explanation for its adoption of the PPP Ineligibility Rule with respect to financial businesses. Id. at 10. Fourth, Petitioner objects to the R&R's finding that Respondent did not act arbitrarily and capriciously when "[e]nforcing the PPP Ineligibility Rule." Id. at 15. Fifth, Petitioner objects to the R&R's finding that Petitioner failed to offer "evidence that it is sufficiently similarly situated to other business entities that received loan forgiveness." Id. at 18.

9

After considering the record in its entirety and conducting a de novo review of the objections to the R&R, the court determines that Petitioner's Objections are without merit.

## A. First Objection

First, Petitioner objects that the R&R does not include Petitioner's "similarly situated" business evidence, contained in in the statement of undisputed facts in paragraphs 29 through 36 of Petitioner's Memorandum in Support of its Motion for Summary Judgment ("Petitioner's Memorandum"). ECF Nos. 28 at 3-5 (Objections), 15 at 8-9 (Pet'r Mem.). Respondent disagrees, asserting in its Response that the R&R accurately represents the parties' undisputed facts, as set forth in Respondent's Memorandum in Support of its Motion for Summary Judgment ("Respondent's Memorandum"). ECF Nos. 29 at 2-3 (Response), 17 at 11 (Resp't Mem.).

Review of the record shows that paragraphs 29 to 36 of Petitioner's Memorandum are disputed by Respondent, to the extent these paragraphs contain "interpretations [which] conflict with the statement of applicable law set forth in the preceding Section II [of Respondent's Memorandum], and the law itself." ECF No. 17 at 11 (Resp't Mem.). Indeed, paragraphs 29 to 36 primarily contain argument, interspersed with citations to the factual record. See ECF No. 15 at 8-9 (Pet'r Mem.). Because these paragraphs of Petitioner's Memorandum are actually disputed, the Magistrate

Judge did not err in omitting them from the R&R's recitation of undisputed facts.[3] Petitioner's first objection is **OVERRULED**.

## B. Second Objection

Second, Petitioner objects to the R&R's finding that Respondent's "decision to apply the exclusions in Section 120.110 to the PPP did not violate the CARES Act, and is not contrary to law." ECF No. 28 at 5. Petitioner argues that the PPP Ineligibility Rule was not lawfully incorporated based on the plain meaning of the statutory text, particularly the phrase "any business concern." Id. at 5-8. Petitioner also argues that this finding is contrary to law based on the narrower language contained in the later-enacted Second PPP. Id. In other words, Petitioner argues that if Congress intended the eligibility requirements of 13 CFR § 120.110 to apply to the First PPP statute, Congress would have explicitly limited the First PPP with Section 120.110, like it did with the Second PPP statute. Id. at 8.

Respondent asserts that "Congress deliberately placed the PPP within the existing Section 7(a) program[,] . . . expressly delegated to [Respondent's] emergency rulemaking authority" regarding the First PPP, and did not intend to make size the only

---

[3] These disputed paragraphs from Petitioner's Memorandum do not create a material factual dispute that would preclude summary judgment. The parties dispute only the argumentative wording of these paragraphs, not the underlying cited facts. See ECF Nos. 15 at 8-9 (Pet'r Mem.), 17 at 11 (Resp't Mem.), 29 at 2-3 (Response).

requirement. ECF No. 29 at 4-5 (emphasis in original); <u>see</u> <u>id.</u> at 6-8. Respondent argues that Petitioner's interpretation would be absurd, because it "would compel [the] SBA to guarantee loans to all manner of business[es] that for policy reasons have been excluded from the 7(a) loan program," and it would render the business descriptions in 15 U.S.C. § 636(a)(36)(D) superfluous. <u>Id.</u> at 6, 8.

Again, the court may set aside an agency action only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In reviewing Respondent's actions, this court must "exercise [its] independent judgment in deciding whether [Respondent] has acted within its statutory authority, as the APA requires." <u>Loper</u>, 144 S. Ct. at 2273. The court must respect Congress's delegation of authority to Respondent, provided the delegation was constitutional and the Respondent acted within it. <u>Id.</u> Finally, "[i]t is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." <u>Pharaohs GC, Inc. v. U.S. Small Bus. Admin.</u>, 990 F.3d 217, 226 (2d Cir. 2021) (citing <u>Davis v. Mich. Dep't of Treasury</u>, 489 U.S. 803, 809 (1989)).

Here, the court agrees that the First PPP statute is unambiguous.[4] Congress placed the First PPP under Section 7(a) of the Small Business Act. Pub. L. 116-136, § 1102 (codified at 15 U.S.C. § 636(a)(36)); Pharoahs, 990 F.3d at 227 (citing In re Gateway Radiology Consultants, P.A., 983 F.3d 1239, 1256 (11th Cir. 2020)); see R&R at 3-4. The First PPP statute expressly delegates authority to Respondent to administer the program. 15 U.S.C. § 636(a)(36)(B); see R&R at 3-4. Specifically, the statute states that "[e]xcept as otherwise provided in this paragraph, [Respondent] may guarantee covered loans under the same terms, conditions, and processes as a loan made under this subsection." 15 U.S.C. § 636(a)(36)(B).

It is undisputed that small business loans under Section 7(a) have historically been subject to the limitations listed in 13 C.F.R. § 120.110. R&R at 3-4. "We presume that Congress legislates against the backdrop of existing law." Pharoahs, 990 F.3d at 227. Although Petitioner contends that 15 U.S.C. § 636(a)(36)(B) does not permit Respondent to "apply preexisting Section 7(a) eligibility requirements" to PPP loans, Petitioner does not identify any other regulation or rule to which "the same terms, conditions, and processes" may refer. ECF No. 28 at 7 (Objections). Instead, Petitioner simply provides the dictionary

---

[4] The parties agree, and the R&R found, that the statute is "unambiguous." ECF Nos. 23, 24 (Loper Briefs); R&R at 16-17.

definitions of the words "terms," "conditions," and "processes." Id.  The court agrees with the Magistrate Judge and Respondent. By permitting Respondent to apply the "same terms, conditions, and processes" from prior small business loans to PPP loans, the statute's plain language grants Respondent discretion to apply 13 C.F.R. § 120.110 to PPP loans.  R&R at 15-17.

Additionally, it is clear that Congress sought to delegate PPP rulemaking authority to Respondent.  Pub. L. 116-136, § 1114 (codified at 15 U.S.C. § 9012).  The court must view the First PPP statute within this statutory context.  See Pharaohs, 990 F.3d at 226 (citation omitted).  Congress's clear intent to grant Respondent rulemaking authority further supports the court's reading of the statute's plain language.  As such, both the plain language and context of the PPP scheme support the R&R's findings.[5]

Petitioner's other argument, that the inclusion of the Section 120.110 regulations in the Second PPP implies the omission of those regulations from the First PPP, is similarly unavailing. Again, statutes must be read as a whole, and "in their context . . . with a view to their place in the overall statutory scheme." Pharaohs, 990 F.3d at 226 (citing Davis, 489 U.S. at 809).  The First PPP gives Respondent discretion to apply the same historical

---

[5] Because the plain language of the statute supports the R&R's conclusion, the court need not reach Petitioner's objection regarding superfluity.  ECF No. 28 at 8.

"terms, conditions, and processes," such as those contained in 13 C.F.R. § 120.110, to PPP loans.  15 U.S.C. § 636(a)(36)(B).  By explicitly stating that Section 120.110 limits eligibility for the Second PPP, <u>see</u> 15 U.S.C. § 636(a)(37)(A)(iv)(III), Congress merely removed Respondent's discretion.  In other words, while Congress allowed Respondent to <u>choose</u> whether to apply the Section 120.110 ineligibilities to First PPP loans, Congress <u>required</u> Respondent to apply the Section 120.110 ineligibilities to Second PPP loans.  For these reasons, Petitioner's second objection to the R&R is without merit and is **OVERRULED**.

### C. Third Objection

Third, Petitioner objects to the R&R's finding that Respondent provided sufficient explanation for adopting its PPP Ineligibility Rule with respect to financial businesses.  ECF No. 28 at 10-15.  Specifically, Petitioner argues that Respondent violated the APA by failing to provide a contemporaneous explanation, the court cannot rely on an affidavit by an employee of Respondent to cure this deficiency, and the employee affidavit provided by Respondent does not "articulate a satisfactory explanation for [Respondent's] action."  <u>Id.</u> at 11-13.

Under the APA, Respondent must show that it "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action[s] including a 'rational connection between the facts and the choice made.'"  R&R at 23 (quoting <u>Motor Vehicle Mfrs. Ass'n</u>

15

v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)). The court considers "whether the [agency] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Id. (quoting Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971)). While the court generally looks to an agency's contemporaneous explanation, id. (citing Dow AgroSciences LLC v. Nat'l Marine Fisheries Serv., 707 F.3d 462, 467-68 (4th Cir. 2013)), it should "uphold a decision of less than ideal clarity if the agency's path may be reasonably discerned," id. at 24 (quoting Roe v. Dep't of Def., 947 F.3d 207, 220 (4th Cir. 2020)). Finally, the court may consider an agency's affidavit to clarify the reasoning behind an agency's actions. Id. at 25 (citing Camp v. Pitts, 411 U.S. 138, 142-43 (1973) (if an agency fails to explain its administrative action, "the remedy [is] not to hold a de novo hearing but . . . to obtain from the agency, either through affidavits or testimony, such additional explanation . . . as may prove necessary")).

Because Respondent's contemporaneous explanation was deficient, see id. at 26, the Magistrate Judge was permitted to look to an employee affidavit for additional explanation, see Camp, 411 U.S. at 142-43. Respondent provided an affidavit by Diana Seaborn, the Director of Respondent's Office of Financial Assistance at the time the PPP was implemented. ECF No. 17-2 at 1 ("Seaborn Declaration"). In her affidavit, Ms. Seaborn explained

16

that she had relevant personal knowledge concerning why Respondent adopted the PPP Ineligibility Rule. Id. at 1-2. Her explanation was consistent with Respondent's IFR on April 15, 2020. See id.; R&R at 27. Furthermore, as noted in the R&R, the Seaborn Declaration outlined the relevant factors that Respondent considered when making its decision to adopt the PPP Ineligibility Rule. R&R at 28-30.

Upon de novo review, the court agrees with the R&R that the Seaborn Declaration articulated a satisfactory explanation for Respondent's actions, "including a 'rational connection between the facts and the choice made,'" id. at 23, and does not show a clear error of judgment. Petitioner's third objection is thus without merit and is **OVERRULED**.

### D. Fourth Objection

Fourth, Petitioner objects to the R&R's finding that Respondent did not act arbitrarily and capriciously when it "favor[ed] one" type of entity covered by Section 120.110 over other types, "without explanation." ECF No. 28 at 17. Specifically, Petitioner challenges the conclusion that "Respondent was not required to explain its disparate treatment" of financial businesses. Id. at 16. In response, Respondent argues that 15 U.S.C. § 636(a)(36)(B) grants it "discretion to apply pre-existing eligibility requirements of the Section 7(a) loan program to PPP loans," and that its actions were not arbitrary

and capricious.  ECF No. 29 at 6-7.

A reviewing court shall set aside Respondent's actions if they are "arbitrary," "capricious," or "not in accordance with law."  5 U.S.C. § 706(2)(A).  Respondent acted arbitrarily and capriciously if it "relied on factors which Congress [did] not intend[] it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence" or was "implausible."  Wild Virginia v. United States Forest Serv., 24 F.4th 915, 926 (4th Cir. 2022) (citation omitted).  The court's oversight of Respondent is "highly deferential, with a presumption in favor of finding the agency action valid."  Id. (citations omitted).

As previously discussed, the plain language of 15 U.S.C. § 636(a)(36)(B) grants Respondent discretion to apply the 13 C.F.R. § 120.110 ineligibilities to First PPP loans, as Respondent deems appropriate.  See supra Section IV.B.  This reading is further supported by Congress's later removal of Respondent's discretion when it enacted the Second PPP.  Id.  For these reasons, upon de novo review, Petitioner's fourth objection is without merit and is **OVERRULED**.

### E. Fifth Objection

Fifth, and finally, Petitioner objects to the finding that it did not present sufficient evidence showing it was "similarly situated" to other businesses that received loan forgiveness.  ECF

No. 28 at 18-24.  The North American Industry Classification System ("NAICS") classifies businesses by industry and size.  Consol. Safety Servs., Inc. v. United States, 167 Fed. Cl. 543, 547 (2023). Petitioner's NAICS code is "522220."  R&R at 35.  As evidence, Petitioner stated that over one hundred (100) companies operating under its NAICS code "received loan forgiveness for first-draw PPP loans between November 2020 and December 2021."  ECF No. 15 at 17 (Pet'r Mem.).  Petitioner did not provide other evidence.  R&R at 35-36.

In response, Respondent provided an employee affidavit by Martin Andrews, the Deputy Director of Respondent's Office of Financial Program Operations at the time the PPP was implemented. ECF No. 17-1 ("Andrews Declaration").  Based on that affidavit, Respondent noted that it approved "slightly less than half of the 14,534 loan forgiveness applications submitted to [it] by companies with NAICS code 522220."  ECF No. 17 at 27-28 (Resp't Mem.); Andrews Declaration at 7.  Respondent contends that NAICS codes are not dispositive and do not "definitively define[] an entity's business activity."  ECF No. 29 at 19 (Response); see Andrews Declaration at 4-5.  Instead, Respondent looks to other information, like financial records, when determining a business's primary activity.  ECF No. 29 at 19; see Andrews Declaration at 4-6.  Petitioner does not dispute that it is a company that is primarily engaged in the business of lending.  See ECF No. 28 at

19 (Objections).    Rather, it argues that other businesses were also primarily engaged in lending, but received loan forgiveness. Id.

Again, the court should "uphold a decision of less than ideal clarity if the agency's path may be reasonably discerned," R&R at 24 (quoting Roe v. Dep't of Def., 947 F.3d 207, 220 (4th Cir. 2020)), and the court may consider an agency's affidavit to provide such clarity, see Camp, 411 U.S. at 142-43.    For the reasons discussed previously regarding the Seaborn Declaration, the R&R's reliance upon the Andrew's Declaration was permissible.    See R&R at 36-39; supra Section IV.C.

The Andrews Declaration shows that NAICS codes were not dispositive indicators of business ineligibility.    Andrews Declaration at 4-8; R&R at 36-39.    Instead, these NAICS codes were indicators that a business could be ineligible for a PPP loan. Andrews Declaration at 4-8.    Because more than 11 million PPP loan applications were submitted, Respondent retained two different contractors to review PPP loan forgiveness applications.    Id. at 4-7.    The contractors flagged PPP loan applications for manual review in different ways.    Id.    If manual review of a business was triggered, Respondent would review other factors, like a business's financial records, to determine whether the business was actually ineligible for PPP loan forgiveness.    Id.    At the time the Andrews Declaration was written, Respondent had received

20

14,534 loan forgiveness applications with the same NAICS code as Petitioner. Id. at 7. Roughly half of these applications were approved for loan forgiveness. Id.

Petitioner identified only 141 companies that received loan forgiveness and had the same NAICS code as Petitioner. R&R at 38; ECF No. 28 at 22 (Objections). Petitioner identified no other evidence. R&R at 35-36. Meanwhile, Respondent demonstrated that NAICS codes do not dispositively identify whether a business was ineligible for a PPP loan. Andrews Declaration at 4-8; R&R at 36-39. As such, the evidence was insufficient to show that Petitioner was similarly situated to these businesses that received loan forgiveness, and the Magistrate Judge did not err in so holding. Upon de novo review, Petitioner's fifth objection is without merit and is **OVERRULED**.

### V. CONCLUSION

After reviewing the record in its entirety and conducting a de novo review of those portions of the R&R to which Petitioner specifically objected, the court accepts and agrees with the Magistrate Judge's R&R and finds no error. In sum, the court hereby **OVERRULES** Petitioner's Objections, ECF No. 28, and **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the Magistrate Judge's thorough and well-reasoned R&R, filed on August 9, 2024, ECF No. 25.

Accordingly, Petitioner's Motion for Summary Judgment, ECF

No. 14, is **DENIED**, Respondent's Motion for Summary Judgment, ECF No. 16, is **GRANTED**, and this matter is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment in favor of Respondent, close the case on this court's docket, and send a copy of this Opinion to counsel for the parties.

      **IT IS SO ORDERED.**

                              /s/

                              Rebecca Beach Smith
                              Senior United States District Judge

                        REBECCA BEACH SMITH
               SENIOR UNITED STATES DISTRICT JUDGE

March 11 , 2025